[S. F. No. 11966. In Bank.—May 28, 1926.]

## ASPEGREN & COMPANY, INC., Appellant, v. SHERWOOD SWAN & COMPANY (a Corporation), Respondent.

[1] APPEAL—MOTION TO DISMISS—SUFFICIENCY OF NOTICE OF—TIME AND PLACE OF COURT SESSIONS.—Where a respondent filed with the clerk of the supreme court a notice that it would, at a specified hour and day, "or as soon thereafter as counsel may be heard," at the courtroom of said court in the city and county of San Francisco, move to dismiss an appeal on the ground set forth in said notice, the fact that said court was not in session at San Francisco on the day specified should not of itself defeat said motion to dismiss nor deprive the respondent of the right to have it heard and determined; and the form of such notice specifying the time when the motion would be made, "or as soon thereafter as counsel may be heard," would entitle the respondent to the right to present its motion on the first day of the next regular session of the court in San Francisco, especially in view of the fact that respondent's action was taken in reliance upon

the rule of court in effect at the time the notice was served and filed.

[2] Id.—Merits of Motion to Dismiss—Motion to Strike Motion to Dismiss from Files—Practice.—It is the better practice and more conducive to orderly proceeding not to entertain and pass upon the merits of a motion to dismiss an appeal on a motion to strike the motion to dismiss from the files.

---

(1) 4 C. J., p. 594, n. 52.   (2) 4 C. J., p. 589, n. 96.

MOTION to strike from the files a motion to dismiss an appeal. Motion to strike denied.

The facts are stated in the opinion of the court.

Daniel N. Dougherty for Appellant.

Harrison S. Robinson and Harry L. Price for Respondent.

THE COURT.—On April 12, 1926, the respondent filed with the clerk of this court a notice that it would, on the third day of May, 1926, at the hour of 10 o'clock A. M., "or as soon thereafter as counsel may be heard," at the courtroom of this court in the city and county of San Francisco, move to dismiss the appeal herein on the ground set forth in said notice. Thereafter, on April 20, 1926, the appellant filed a notice that it would, on the fourth day of May, 1926, at the courtroom of this court, in the city of Sacramento, move to strike from the files the respondent's motion to dismiss the said appeal on the grounds, (1) that "there will be no session of this court at the time and place specified in respondent's notice of motion to dismiss the appeal herein," and (2) that there is no merit in the respondent's motion to dismiss the said appeal. The appellant's motion was presented on the call of the regular calendar at Sacramento on May 4th and was submitted on the files of this court and an additional certificate of the clerk of the trial court attached to the notice of motion setting forth certain proceedings taken in the trial court during the course of the litigation and pertaining to the merits of the respondent's motion to dismiss the appeal.

[1] As to the first ground of appellant's motion, it appears that this court was not in session nor was it scheduled

to be in session on the third day of May, 1926, for the purpose of hearing motions made on notice. Since the plan of calling the regular San Francisco calendar at more frequent intervals was inaugurated some years since, it has been the practice to entertain motions made on notice on the first day of said calendar notwithstanding subdivision 1 of rule XX of this court had not been amended to conform to the new plan. That rule has recently been amended so as to so conform, but the fact that it had not been so amended prior to the date for which respondent's motion to dismiss the appeal had been noticed, undoubtedly accounts for the action of the respondent in noticing said motion for the first Monday in May in San Francisco. But the fact that the court was not in session at San Francisco on that date should not of itself defeat said motion nor deprive the respondent of the right to have it heard and determined. The form of the notice specifying the time when the motion would be made, "or as soon thereafter as counsel may be heard," would entitle the respondent to the right to present its motion on the first day of the next regular session of the court in San Francisco, especially in view of the fact that respondent's action was taken in reliance upon the rule of court in effect at the time the notice was served and filed.

[2] As to the second ground of appellant's motion, we deem it the better practice and more conducive to orderly proceeding not to entertain and pass upon the merits of a motion to dismiss an appeal on a motion to strike the motion to dismiss from the files. The appellant's motion to strike is therefore denied.